SHADVILLE, APPELLANT, *v.* BARKER ET AL.,
RESPONDENTS.

(No. 1,727.)

ON MOTION TO DISMISS APPEALS.

(Submitted October 28, 1901.   Decided October 29, 1901.)

*Appeal—Time of Filing Transcript—Laches—Defective Authentication of Transcript—Dismissal.*

Under Supreme Court Rule IV, Subdivision 2, an appeal will be dismissed where appellant is guilty of laches in not filing the transcript with the clerk of the supreme court within 60 days after the appeal was perfected.

ON REHEARING.

1.   Where on appeal the transcript prepared and certified by the clerk is defective for failure to comply with the rules, and appellant's counsel prepares a corrected transcript, and, instead of having the clerk certify thereto as required by Code of Civil Procedure, Sec. 1739, detaches the certificate

from the defective transcript and attaches it to the corrected one, without
the knowledge or authority of the clerk, such transcript cannot be con-
sidered.

2.     Under Code of Civil Procedure, Sec. 1905, and Political Code, Sec. 4636,
providing that transcripts on appeal must be certified by the clerk, under
seal, after comparison with the original files, no other method of authenti-
cation is lawful.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Ida May Shadville against Marcella S. Barker and another, heirs of Edwin J. Barker, deceased. From a judgment in favor of defendants, and from an order denying a new trial, plaintiff appeals. Appeals dismissed on motion.

*Mr. Robert B. Smith, Mr. F. H. Gould* and *Mr. W. H. Alford,* for Appellant.

*Mr. William G. Downing* and *Mr. Thomas C. Brady,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Motion to dismiss the appeals herein from the judgment and an order denying a new trial on the ground that the transcript was not filed with the clerk of this court within sixty days after the appeals were perfected, as required by Subdivision 2 of Rule IV of the rules of this court.

From the papers filed in support of the motion it appears that the appeals were perfected on August 3, 1901. The motion to dismiss was filed on October 8. The typewritten transcript was lodged with the clerk on October 22. This was furnished to counsel for the appellant, upon demand, not later than September 11, or twenty-seven days prior to the filing of the motion. Counsel for appellant attempt to excuse their neglect to lodge the same with the clerk of this court within the prescribed time, on the ground that the original copy furnished by the clerk of the district court was not prepared in conformity with.

the rules of this court as to form and contents, and that the fault lies with that officer, and not with them. It appears, however, that though, at the time they received the transcript from the clerk, on September 11, they still had eighteen days within which to have the transcript corrected, and to comply with the rule, they failed and neglected to do so; for it appears that at no time thereafter did they demand of the clerk that he correct the copy furnished, or prepare and furnish one meeting the requirements of the rule of this court as to form and contents. Nor have they yet done so, as they admit that the transcript now in the hands of the clerk of this court is the defective copy originally furnished them by the clerk of the district court. While the rule invoked by respondents provides that, if the delay in filing the transcript has been without laches on the part of the appellant, his appeal will not be dismissed for such delay until a reasonable time has been allowed for filing it, no such sufficient excuse has been rendered in this case why the penalty should not be inflicted.

It is therefore ordered that the appeals be dismissed.

*Dismissed.*

## ON REHEARING.

### (Decided December 2, 1901.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On October 29 of this year the appeals herein were dismissed, on motion of respondents, on the ground that the transcript had not been filed in this court within the sixty days prescribed by Subdivision 2 of Rule IV of the rules of this court. Subsequently appellant was granted a rehearing upon the suggestion of her counsel that the court had been mistaken in concluding that the transcript filed pending the motion is imperfect. It was further urged in support of the application for a rehearing that it appeared from the affi-

davit of Robert B. Smith, Esq., one of appellant's counsel, that
the appellant is a poor person, and for this reason had not been
able to procure funds sufficient to pay for a corrected transcript
in time to enable her to comply with the rule, and that the mo-
tion should have been denied on this ground.   Upon a further
examination of the transcript in the light of the brief of appel-
lant's counsel, and an affidavit of the clerk of the district court
filed in opposition to the rehearing, we find that we were in
error in concluding that the copy on file in this court is the
same "defective copy originally furnished" counsel by the clerk
of the district court.   In this particular we were misled by the
fact that the certificate of the clerk attached bears the same
date as that attached to the original copy.

After the adoption of the present rule, requiring transcripts
in civil cases to be printed (Rule VI, Subdivision 1, 22 Mont.
xxvii, 57 Pac. vi), and until the passage of the Act of the
legislature known as "Senate Bill No. 101" (Session Laws
of 1901, p. 161), by which it was sought to abrogate the rule,
appellants had often, and perhaps usually, employed the clerk
of this court to have printed and to serve copies of transcripts,
under the provisions of Rule IX.   In such cases the typewritten
copy had been prepared in conformity with Subdivision 2 of
Rule VI, applicable to criminal cases.   Upon the passage of
that Act, and until it was declared of no binding force upon
this court (*Jordan et al.* v. *Andrus et al.*, 26 Mont. 37, 66 Pac.
502), appellants ceased to observe the rule as to printing, and,
there being no other rule to guide them in civil cases, have fol-
lowed the rule applicable to criminal cases.   In the preparation
of the transcript in the present case the clerk of the district
court failed to observe this rule, as well as the provisions of
Rule VII, touching the title page, arrangement, etc. ; and coun-
sel insist that the delay in filing it was caused by the necessity
thus cast upon appellant of having the transcript rewritten, and
her difficulty in obtaining funds to pay for the necessary work.
Were these the only matters to be considered on this motion,
we might, perhaps (though we do not wish to be understood as

so deciding at this time), sustain the contention of counsel, and retain the appeals, upon condition that the transcript be printed, in compliance with the rule on that subject, within a reasonable time.  It appears, however, that when counsel had caused the transcript to be rewritten they neglected to have it certified as correct by the clerk of the district court, or by attorneys in the cause, as is required by Section 1739 of the Code of Civil Procedure.  Instead of doing this, some one of counsel, or the stenographer employed by them, detached the certificate of the clerk from the copy furnished by him in the first instance, and attached it to the rewritten copy.  This was done without the knowledge of the clerk, and without his authority, as is made manifest by the affidavit of the clerk, the date of the certificate, and the admission of counsel in their brief.  The appeals must therefore be dismissed on the ground that no sufficient excuse has been made to appear why the transcript has not been filed under the rule.  The paper lodged with the clerk cannot be considered as a proper transcript, for the reason that it is not authenticated.  The use by counsel or their stenographer of the certificate made by the clerk to the original copy is wholly unwarranted, and has no more force as an evidence of authentication by the clerk than if it were the certificate of a stranger. It was an authentication of the original copy, but cannot be regarded as of any force when attached to a copy not made by the clerk, and never seen nor compared by him with the record in his office.  Counsel have filed as a part of their showing in opposition to the motion a carbon copy of the original transcript made out by the clerk, and ask this court to determine by comparison whether the copy prepared by themselves is correct. This we may not do, because this would be an unwarranted assumption on our part of the duties which have been assigned by law to the clerk, and which can lawfully be done by him only.  Under the provisions of Section 1739 of the Code of Civil Procedure, *supra,* and Section 4636 of the Political Code, transcripts may be prepared by the parties or their counsel, but the authentication must be made by the clerk, after a comparison

of them with the original files, by his certificate under the seal of the district court. He, and he only, in the absence of the stipulation of counsel authorized by Section 1739 of the Code of Civil Procedure, *supra*, can furnish to this court the lawful evidence of their correctness, and it is only to his certificate made and attached to the particular copy that we may look.

Nothing said by us herein is intended to reflect in any manner upon the moral integrity of counsel for appellant, or of any one of them, on account of their unauthorized use of the certificate and seal of the clerk. It is apparent from the statements of counsel that they were of the opinion that their use of the old certificate was legitimate. With this, however, we cannot agree. While, therefore, we do not, upon the record before us, impute to them any intention to deceive this court or to perpetrate a fraud upon it, we must characterize the practice indulged in this case, to whomsoever it may be chargeable, as reprehensible. At the same time, we must visit upon them and their client the penalty of dismissing the appeals herein for failure to comply with the rule.

*Dismissed.*